■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES DiGIROLAMO, Appellant.—Appeal by the defendant

from a judgment of the Supreme Court, Kings County (Slavin, J.), rendered April 6, 1990, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was arrested outside a ventilation building of the Brooklyn Battery Tunnel after Triboro Bridge and Tunnel Authority (hereinafter TBTA) Officer Anthony Andrews observed him and a male companion sitting on the steps with beer bottles nearby, snorting a substance through straws. After Andrews approached the men and ordered them to place their hands on the wall, the companion fled. The officer hurriedly handcuffed the defendant and then placed him in the rear of the officer's vehicle without frisking him. Pursuit of the other man proved unsuccessful. During the chase, however, the defendant was observed twisting from side to side and sliding the length of the back seat not only by Andrews but by a following New York City Police Department (hereinafter NYPD) officer who had joined the pursuit in his own car after being apprised of the situation by the loudspeaker in the TBTA vehicle. After the defendant was taken from the rear seat of the vehicle, a search of this seat revealed, among other things, a loaded handgun, upon which evidence the defendant was ultimately convicted.

We reject the defendant's contention that the testimony of the arresting officer concerning recovery of the handgun was not credible and that the defendant's guilt was not proven beyond a reasonable doubt. The defendant asserts that Officer Andrews' testimony is inconsistent with the story told by the NYPD officer and is improbable in several respects. However, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

We have considered the defendant's remaining contentions, including his claim that his sentence was unduly harsh and excessive, and find them to be meritless. Harwood, J. P., Balletta, Rosenblatt and Copertino, JJ., concur.